1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DAVID PETERSON, an          No.  2:19-cv-00949-JAM-DB
     individual,
12
                 Plaintiff,
13                                     **ORDER GRANTING PLAINTIFF'S**
          v.                           **MOTION TO AMEND**
14
     NEVADA COUNTY, CALIFORNIA, et
15   al.,
16               Defendants.

17

18        John David Peterson ("Plaintiff") filed this lawsuit on

19   May 24,2019, against Nevada County, the Nevada County Sheriff's

20   Department, Correctional Medical Group Companies, Inc. ("CMCG)",

21   and fictious persons (collectively "Defendants,") alleging a host

22   of civil rights violations relating to Plaintiff's medical care

23   while in Wayne Brown Correction Facility ("WBCF") custody.

24   Plaintiff now seeks leave to amend his First Amended Complaint

25   ("FAC") to: (1) remove dismissed claims, (2) revise factual and

26   legal allegations, (3) refer to CMCG under its current operating

27   name, Wellpath Management, Inc. ("Wellpath"), (4) conform

28   evidence obtained during discovery, and (5) add a new cause of

                                       1

1  action against Nevada County.  See Mot. for Leave to File a

2  Second Am. Compl. ("Mot.") at 2-3, ECF No. 53. Nevada County

3  opposes the new cause of action's addition.  See Opposition

4  ("Opp'n) at 1, ECF No. 57.  See Pl.'s Reply to Def.'s Opp'n

5  ("Reply"), ECF No. 61.

6      For the reasons set forth below, the Court GRANTS

7  Plaintiff's Motion for Leave to File a Second Amended Complaint.

8

9                      I.   BACKGROUND

10      On September 5, 2018, Grass Valley Police Officers arrested

11  Plaintiff and took him to Nevada County's Wayne Brown

12  Correctional Facility ("WBCF").  See FAC, ¶ 23, ECF No 15.

13  Plaintiff's leg was injured between his arrest and transfer to

14  WBCF.  Id. ¶¶ 19-22.  Nevada County contracts Correctional

15  Medical Group Companies, Inc. ("CMCG") to provide medical care to

16  WBCF inmates.  Id. ¶ 8.  During Plaintiff's booking at WBCF, a

17  nurse evaluated Plaintiff's injury.  Id. ¶¶ 7-8.  While Plaintiff

18  remained in WBCF custody, his leg developed infection symptoms

19  that CMCG personnel periodically assessed.  Id. ¶ 24-25.  On

20  September 7, 2018, a WBCF Officer informed Plaintiff he would be

21  released.  Id. ¶ 26.  Plaintiff asked the Officer permission to

22  call someone to transport him home.  Id.  Plaintiff was allowed

23  two calls but did not contact anyone.  Id. ¶ 26.  Plaintiff was

24  then released from WBCF on foot even though he was in great pain

25  and feverish.  Id. ¶ 27.  He walked to a gas station off the

26  Highway 49 freeway and borrowed a phone to call an ambulance

27  because of his condition.  Id.  Plaintiff was taken to Sierra

28  Nevada Medical Hospital where he was treated for a life-

                                2

1   threatening condition for forty-five days.  Id. ¶¶ 27-28.

2       Plaintiff filed this lawsuit on May 24, 2019 and submitted

3   his FAC under Federal Rule of Civil Procedure ("FRCP") Rule 15 on

4   August 9, 2019.  FAC, ECF No. 15.  The FAC contained seventeen

5   claims against Defendants.  Id.  Five claims remain: (1) the

6   fifth claim for Monell liability alleging Nevada County

7   deliberately disregarded Plaintiff's medical needs; (2) the

8   seventh claim for Monell liability alleging CMCG deliberately

9   disregarded Plaintiff's medical needs, (3) the eighth claim

10  alleging Defendants conspired to violate Plaintiff's

11  constitutional rights under 42 U.S.C. § 1983, (4) the fifteenth

12  claim alleging Nevada County's liability under California State

13  law's respondeat superior doctrine; and (5) the seventeenth claim

14  alleging CMCG committed medical malpractice under California

15  State law.  See Minutes for Proceedings Held August 25, 2020, ECF

16  No. 41; Order, ECF No. 46.  See FAC ¶¶ 71, 89, 102, 138, 146.

17      On April 1, 2021, Plaintiff deposed Officer Ryan Stanley,

18  who processed Plaintiff's release from the Nevada County Jail,

19  and Deputy Richard Osborne, who was in charge at the time of

20  Plaintiff's release.  Opp'n at 2.  On June 25, 2021, this Court

21  entered a Pretrial Scheduling Order that disposed of all claims

22  naming fictious persons as defendants.  See Pretrial Scheduling

23  Order ("Scheduling Order"), ECF No. 48.  On August 31, 2021 and

24  December 16, 2021, Plaintiff deposed CMCG employees Amanda

25  Tirpack and Laurie Adams, respectively.  Id.  Plaintiff then

26  deposed three more CMCG employees—including Andrea Boucher on

27  July 14, 2022.  Suppl. Decl. of Patrick H. Dwyer in Supp. of

28  Pl.'s Mot. ("Pl.'s Suppl. Decl.") at 4, ECF No. 61.

1    Plaintiff now seeks leave to file a second amended complaint

2    (SAC) that: 1) removes dismissed claims; 2) revises factual and

3    legal allegations; 3) refers to CMCG under its current operating

4    name, Wellpath Management, Inc. ("Wellpath"); 4) conforms

5    evidence obtained during discovery; and 5) adds a new Monell

6    claim against Nevada County alleging its policies were the moving

7    force behind Wellpath's failure to provide Plaintiff

8    constitutionally adequate medical care.  See Exh. A to Mot.,

9    "Second Amended Complaint" ("SAC") ¶¶ 5, 80, ECF No. 53.  Nevada

10   County opposes the SAC because of the new Monell claim.  Opp'n at

11   1.

12

13                      II.   OPINION

14       A.   Legal Standard

15       Once the court enters a pretrial scheduling order, FRCP Rule

16   16(b) governs a party's motion to amend the pleadings.  Johnson

17   v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

18   Under Rule 16, the movant must demonstrate "good cause," which

19   requires the court to evaluate the movant's diligence and

20   "reasons for seeking modification."  Id.  If the "moving party

21   was not diligent, the inquiry should end."  Id.

22       If good cause exists, parties next must satisfy Rule 15.

23   Id.  Rule 15 requires the Court to grant leave to amend "when

24   justice so requires" and to do so "with extreme liberality."

25   Forman v. Davis, 371 U.S. 178, 182 (1962); Morongo Band of

26   Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

27   Although the Court should not grant leave to amend under Rule 15

28   "automatically," granting leave is appropriate absent a showing

4

of bad faith, undue delay, prejudice to the opposing party, or futility of amendment.  In re W. States Wholesale Nat. Gas ("In re W. States"), 715 F.3d 716, 738 (9th Cir. 2013).

B.   Analysis

Wellpath neither opposed or stipulated to Plaintiff's SAC. Reply at 1.  Nevada County contests the addition of the new Monell claim because it contends Plaintiff seeks amendment without good cause.  Opp'n at 1.  Plaintiff's other proposed amendments are unchallenged.  After reviewing the parties' briefings, the Court finds Plaintiff's unopposed modifications meet Rule 16's and Rule 15's standards and grants Plaintiff leave to amend accordingly.  The Court's remaining analysis is limited to the contested Monell claim as a result.

1.   Rule 16(b)

Rule 16(b)'s good cause requirement "typically will not be met where the party seeking to modify the pretrial scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."  Id. at 737. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 610.  Plaintiff argues he had good cause to add the new Monell claim because Wellpath's counsel engaged in "unwarranted delays" in response to Plaintiff's requests to depose its employees. Decl. of Patrick H. Dwyer in Supp. of Pl.'s Mot. ("Pl.'s Decl.") at 19, ECF No. 53.  Because of this behavior, Plaintiff argues: (1) he was unable to depose Boucher until June 14, 2022; (2) Boucher's testimony provides evidence showing Nevada County acted as the moving force behind Wellpath's conduct; and (3) he

5

1  could only assert his new claim in accordance with FRCP Rule

2  11(b) after acquiring this evidence.  Pl.'s Suppl. Decl. at 4.

3      Nevada County argues Plaintiff fails to show good cause

4  because the SAC is not based on new facts and Plaintiff should

5  have sought leave to amend his complaint earlier than two weeks

6  before the close of discovery.  Opp'n at 3.  Specifically, the

7  County contends good cause cannot be shown where a party knew of

8  facts and theories supporting amendment "long ago," and that

9  Plaintiff could have contemplated the new claim following

10 Stanley's, Osborne's, Tirpak's, and Adams's depositions that were

11 completed by December 16, 2021.  Opp'n at 5.  The County also

12 points to Plaintiff providing a draft of the SAC on June 6, 2022

13 including the new claim prior to Boucher's deposition on

14 June 14,2022.  Id.  As a result, the County concludes it "is

15 extremely misleading" of Plaintiff to argue Boucher's testimony

16 was "necessary for adding the new cause of action when Plaintiff

17 already had a proposed SAC before these depositions."  Opp'n at

18 6.

19     To support its contentions, Nevada County points to caselaw

20 where leave to amend was denied.  See Nails v. Haid, SACV 12-0439

21 GW SS, 2014 WL 8734139, at *4 (C.D. Cal. Nov. 21, 2014) (denying

22 plaintiff's motion for leave to amend its complaint to add

23 thirteen new defendants near discovery's close where plaintiff

24 offered no explanation for its delayed request); Xyratex Tech.,

25 Ltd. v. Teradyne, Inc., No. CV08-04545 SJO PLAX, 2009 WL

26 10702551, at *4 (C.D. Cal. Apr. 10, 2009) (denying defendant's

27 motion to amend its reply to include counterclaims where

28 defendant failed to explain why it wanted bring two patent

infringement claims when it originally filed two minor
counterclaims); AmerisourceBergen Corp. v. Dialysist W., Inc.,
465 F.3d 946, 953 (9th Cir. 2006) (upholding District Court's
order denying plaintiff's motion for leave to amend because
plaintiff failed to explain why it drastically changed its
litigation that could have potentially caused defendant
additional litigation costs).

The Court finds these cases are incongruent to the instant
one.  Here, adding the new Monell claim will not greatly alter
the nature of the litigation or heighten the party's expenses
because Plaintiff already has an existing Monell claim against
Nevada County.  As a result, unlike the cases above, Monell
liability has been a part of this case's nature since its
genesis.  Moreover, Plaintiff reasonably explains why he seeks
amendment now.  In turn, the Court finds Plaintiff's argument
that he could viably assert his new Monell claims only after
acquiring Boucher's testimony persuasive.  The Court also finds
Plaintiff was not careless or at fault for the timing of
Boucher's deposition.  Accordingly, the Court finds Plaintiff has
shown good cause under Rule 16(b).

         2.   Rule 15

Rule 15 requires leave to amend be freely given when justice
so requires.  Fed. R. Civ. P. 15(a).  The Ninth Circuit has
repeatedly stated that "this policy is to be applied with extreme
liberality."  See, e.g., Owens v. Kaiser Foundation Health Plan,
Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission
Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Nevada
County only opposes Plaintiff's amendment on the grounds that it

7

1    is futile and prejudicial.  See Opp'n at 5-6.  Neither factor

2    suggests Plaintiffs' motion falls short of Rule 15's forgiving

3    standard.

4                        a.    Futile

5         Courts consistently find an amendment futile where parties

6    seek the addition of a claim that lacks a valid legal or factual

7    basis.  See Gardner v. Martino, 563 F.3d 981, 992 (9th Cir. 2009)

8    (affirming district court ruling denying plaintiff's SAC where

9    the claim sought lacked a legal basis); Maldonado v. City of

10   Ripon, No. 217CV00478TLNKJN, 2021 WL 2682163, at *7 (E.D. Cal.

11   June 30, 2021) (denying party's SAC where plaintiff failed to

12   allege any new facts that would support its claim because such an

13   amendment would be futile.).

14        Plaintiff contends his new Monell claim is not futile

15   because it is grounded in a viable legal theory that Hagan v.

16   California Forensic Med. Grp., CIVS07-1095 LKK/DAD, 2009 WL

17   728465, at *1 (E.D. Cal. Mar. 5, 2009) recognized.  Pl.'s Mem. in

18   Supp. of Mot. ("Pl.'s Mem.") at 7-8, ECF No. 53.  In that case,

19   Hagan died of severe asthma complications after receiving

20   questionable medical care while being transferred between prison

21   facilities.  His family filed 42 U.S.C. § 1983 claims thereafter.

22   Although the Hagan Court ultimately denied Hagan's survivors

23   relief, it did find Monell liability applicable to a municipality

24   where a contracted medical provider commits "a constitutional

25   violation, and the moving force behind this violation was a

26   [c]ounty policy manifesting deliberate indifference to

27   constitutional rights. . . ."  Id.

28        Plaintiff alleges Nevada County implements polices that are

deliberately indifferent to the medical care WBCF inmates are

constitutionally entitled, and that these polices acted as a

moving force behind Wellpath's unconstitutional treatment of

Plaintiff.  Pl.'s Mem. at 7-8.  As a result, Plaintiff argues

Hagan's theory of Monell liability provides him with a viable and

applicable cause of action.  Id.  The County responds this claim

is futile "since it does not create a new basis for liability

against the county."  Opp'n at 7.

The Court disagrees with Nevada County.  Although it is true

Plaintiff's new claim results in two Monell actions against the

County, the second one is not duplicative of the first.  Instead,

the new Monell claim is based on a different theory of liability

that Hagan found actionable.  Further, Nevada County does not

allege Plaintiff's amendment is futile because it lacks a factual

basis.  As a result, this Court finds the amendment is not futile

under Rule 15.

> b.  Prejudice

The Court also finds Plaintiff's amendment of the SAC will

not cause Defendants undue prejudice.  Prejudice is the

"touchstone of the inquiry under [R]ule 15(a)."  Eminence Capital,

LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Indeed, "it is the consideration of prejudice to the opposing

party that carries the greatest weight" when a court decides

whether granting leave to amend is proper.  Id.  In turn, courts

have found a proposed amendment does not prejudice a defendant

when "the operative facts remain the same."  Hurn v. Ret. Fund

Tr. of Plumbing, Heating & Piping Indus. of S. California, 648

F.2d 1252, 1254 (9th Cir. 1981).  Instead, prejudice occurs when

9

new claims "greatly alter[] the nature of litigation" so that defendants must undertake "an entirely new course of defense." Morongo Band of Mission Indians, 893 F.2d at 1079.

Plaintiff argues its new claim does not prejudice Nevada County because they have been on notice since this action's inception that their operational relationship with Wellpath would be a focal point of litigation.  Pl.'s Mem. at 8.  Plaintiff argues the same is true of Defendants' respective medical policies, practices, and procedures ("Medical PPPs").  Id.  The County, in response, argues the SAC's new claim will require additional written discovery and depositions regarding Wellpath's Medical PPPs since its litigation strategy is based "on the known claims for relief."  Opp'n at 6.

The Court finds Plaintiff's argument persuasive because: (1) the operative facts remain the same here in that Plaintiff always alleged Defendants' Medical PPPs and operational relationship violated Plaintiff's constitutional rights; and (2) the new claim will not significantly alter the nature of the litigation since Plaintiff's FAC alleged Nevada County was liable under Monell. Moreover, as ordered below, the Court will permit additional discovery to be conducted by the parties as needed.


III.   SANCTIONS

This Court issued its Order re Filing Requirements on June 25, 2021.  See Scheduling Order.  This Scheduling Order limits reply memoranda to five pages.  Scheduling Order at 3.  The Scheduling Order also states that an attorney who exceeds the page limit must pay monetary sanctions of $50 per

1  page.  <u>Id.</u>  Plaintiff exceeded the Court's five-page limit on

2  reply memoranda by five pages.  See Reply.  The Court therefore

3  ORDERS Plaintiff's counsel to pay $250.00 to the Clerk for the

4  Eastern District of California no later than seven days from the

5  date of this Order.

6

7                              IV.   ORDER

8        For the reasons set forth above, the Court GRANTS

9  Plaintiff's Motion for Leave to File an Amended Complaint

10  Plaintiff's amended complaint shall be filed within five (5) days

11  of this order.  Defendants' responsive pleadings are due twenty

12  (20) days thereafter.  The Court vacates the original and

13  modified scheduling orders at ECF No. 48 and Defendants' Motions

14  for Summary Judgment at ECF Nos. 68 & 69.  After Defendants'

15  responsive pleadings are filed, the parties shall file a joint

16  status conference statement, proposing new dates for discovery

17  cut off, expert witness disclosures, expert discovery cut off,

18  dispositive motions, pretrial conference, and trial.  The Court

19  will issue a new scheduling order upon receipt of the joint

20  statement.

21        IT IS SO ORDERED.

22  Dated: September 19, 2022

23

24  _____

25  JOHN A. MENDEZ
   SENIOR UNITED STATES DISTRICT JUDGE

26

27

28

                                11