UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID PETERSON,<br><br>       Plaintiff,<br><br>   v.<br><br>NEVADA COUNTY, CALIFORNIA, *et al.*,<br><br>       Defendants. | Case No.  2:19-cv-00949-JAM-JDP<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTIONS TO STRIKE SECCTIONS II AND III OF DR. WITT'S REBUTTAL REPORT<br><br>ECF Nos. 62 & 63 |

The court previously issued a scheduling order that required, among other things, that the parties make initial expert disclosures by May 2, 2022, and any rebuttal expert disclosures by June 1, 2022. ECF No. 48 at 5-6. On May 2, 2022, the parties exchanged initial expert reports; plaintiff disclosed Dr. David Witt, M.D., and defendants jointly disclosed Dr. Kim Erlich. On June 1, 2022, plaintiff disclosed Dr. Witt as his rebuttal expert witness and filed with the court a copy of Dr. Witt's supplemental report. ECF No. 50. Defendants have moved to strike sections II and III of Dr. Witt's supplement report, persuasively arguing that the opinions in those sections are improper rebuttal evidence because they have no bearing on the subject matter addressed by Dr. Erlich's report.[1]  ECF Nos. 62 & 63.

---

[1] Defendants also argue that Dr. Witt is not qualified to provide certain opinions contained in his supplemental report. ECF No. 62-1 at 6; ECF No. 63 at 5. I decline to address the

The court, however, recently issued a new scheduling order that reopened discovery and set new deadlines for expert disclosures.  Under the current scheduling order, the parties now have until February 17, 2023, to make initial expert disclosures.  ECF No. 91 at 6.  Consequently, defendants' argument that portions of Dr. Witt's supplemental report should be stricken because they were provided after May, 2, 2022—the original deadline for initial expert disclosures—is moot.[2]

Accordingly, defendants' motion to strike sections II and III of Dr. Witt's supplemental reports, ECF Nos. 62 & 63, are denied.

IT IS SO ORDERED.

Dated:    January 20, 2023  

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

admissibility of Dr. Witt's opinions, which is an issue reserved for the assigned district judge.  Defendants' motions were referred to me under Local Rule 302(c)(1), which provides that all discovery related motions shall be noticed before the assigned magistrate judge.  As defendants' argument is not predicated on an allegedly discovery violation, it is more appropriately suited for a motion to disqualify Dr. Witt as an expert, *see* ECF Nos. 76 & 90, or a motion *in limine*, *see* ECF No. 91 at 2.

[2] Each party has filed objections to the court's recent scheduling order.  ECF Nos. 92, 93, & 94.  In the event that the court modifies the scheduling order to preclude further expert discovery, defendants may renew their motions to strike Dr. Witt's supplemental report.