UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID PETERSON, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA COUNTY, CALIFORNIA, a county government and operator of the NEVADA COUNTY SHERIFF'S DEPARTMENT; et al.,<br><br>　　　　Defendants. | No.　2:19-cv-00949-JAM-JDP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REDUCE DEFENDANTS NEVADA COUNTY, NEVADA COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF KEITH ROYAL'S BILL OF COSTS** |

　　This matter is before the Court on Plaintiff John D. Peterson's ("Plaintiff") motion to reduce Defendants Nevada County, Nevada County Sheriff's Department, and Sheriff Keith Royal (collectively, "Defendants") bill of costs (ECF No. 120). Mot. to Reduce, ECF No. 124. Plaintiff also filed objections to Defendant's bill of costs. Obj., ECF No. 122. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to reduce.[1]

---

[1] This matter is determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

I.  BACKGROUND

Defendants prevailed on their motion for summary judgment (ECF No. 103) on August 1, 2023.  Order Granting Defs.' Mot. for Summary Judgment, ECF No. 105.  As the prevailing party, Defendants now seek $13,945.85 in costs from Plaintiff under Rule 54(d)(1) of the Federal Rules of Civil Procedure.  Bill of Costs, ECF No. 120.  In response, Plaintiff filed (1) objections to Defendant's Bill of Costs, Objections ("Obj."), ECF No. 122, and (2) a motion to reduce costs, Mot. to Reduce, ECF No. 124.  Defendants filed a response to Plaintiff's objections, Resp., ECF No. 125, and an opposition to Plaintiff's motion, Opp'n, ECF No. 126.  Plaintiff filed a reply in support of both filings.  Reply, ECF No. 130.

II.  OPINION

A.  <u>Legal Standard</u>

A prevailing party may be awarded taxable costs, other than attorney's fees, under Rule 54(d)(1) of the Federal Rules of Civil Procedure.  The following is an exhaustive list of the costs that may be taxed against a losing party: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) copying fees when the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.  28 U.S.C. § 1920; E.D. Cal. L.R. 292(f).  The bill of costs must "itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claims are allowable by law, are

correctly stated, and were necessarily incurred." E.D. Cal. L.R. 292(b).

There is a presumption in favor of awarding the prevailing party the costs prescribed by section 1920. Fed. R. Civ. P. 54(d)(1); Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). However, the Court retains discretion to deny costs under Rule 54(d)(1). Id. at 591. "The burden is on the losing party to demonstrate why the costs should not be awarded." In re Ricoh Co., Ltd. Pat. Litig., 661 F.3d 1361, 1364 (Fed. Cir. 2011) ("In re Ricoh Co.") (citing Stanley v. Univ. of S. California, 178 F.3d 1069, 1079 (9th Cir. 1999)). The objecting party's reasons must be "sufficiently persuasive to overcome the presumption in favor of an award." In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015) (internal quotations omitted) (quoting Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003)). A court must specify the reasons for its refusal to tax costs against the losing party but not when it follows the presumption in favor of taxing costs. Save Our Valley, 335 F.3d at 945.

B.  Analysis

1. Plaintiff's Objections, ECF No. 122.

Plaintiff makes three objections to Defendants' Bill of Costs: (1) Defendants do not itemize "other costs;" (2) costs cannot be awarded for deposition transcripts that were not cited in Defendants' motion for summary judgment; and (3) costs for deposition videography cannot be awarded to the prevailing party. See Obj.

3

          a. <u>Costs Entitled "Other Costs" Are Itemized.</u>

Plaintiff asserts that he cannot assess the validity of those costs entitled "other costs" because Defendants omit an itemized breakdown. Obj. at 1. The Court disagrees and finds that Defendants have included an itemized breakdown of "other costs" and attach separate invoices for each cost incurred such that these costs are taxable. See Bill of Costs at 25-28.

          b. <u>Plaintiff Fails To Show Defendants Cannot Recover Costs of Uncited Deposition Transcripts.</u>

Plaintiff contends Defendants cannot recover the costs for deposition transcripts that were not cited in Defendants' motion for summary judgment. Obj. at 2.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be awarded to the prevailing party. 28 U.S.C. § 1920(2). While depositions "merely useful for discovery" are not recoverable, <u>Indep. Iron Works, Inc. v. U.S. Steel Corp.</u>, 322 F.2d 656, 678 (9th Cir. 1963), "Ninth Circuit precedent is clear that a document need not be offered as evidence to have been necessarily obtained for use in the case." <u>In re Ricoh Co.</u>, 661 F.3d at 1369 (citing <u>Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.</u>, 920 F.2d 587, 588 (9th Cir. 1990)). Simply because Defendants did not cite certain deposition transcripts in their motion for summary judgment does not mean they were not necessarily obtained for use in the case and cannot be recovered as taxable costs under 28 U.S.C. section 1920. <u>Id.</u> Plaintiff has failed to overcome the presumption in favor of awarding these costs.

///

4

       c. <u>Deposition Videography Costs Will Not be Taxed.</u>

Defendants include two deposition videography fees in their Bill of Costs. Bill of Costs at 3, 6-7, 25, 28. Plaintiff objects that the recovery of video-related deposition expenses cannot be recovered in this circumstance. Obj. at 2-3. Defendants concede and withdraw the costs of two deposition videography fees in the sum of $1,650.00 ($1,105.00 and $545.00) from their Bill of Costs. Resp. at 3. Plaintiff's objection is therefore moot.

Plaintiff further asserts that an additional reduction of Plaintiff's deposition costs is warranted because Defendants did not seek video and transcript costs separately. <u>See</u> Obj. at 2-3; Reply at 3. To the contrary, Defendants separately itemized video and non-video deposition costs and provided separate invoices. <u>See</u> Bill of Costs at 3, 6-7, 9. Therefore, the Court will subtract only $1,650.00 from the costs sought, rather than adopt Plaintiff's calculation.

In sum, the Court overrules Plaintiff's first two objections, and the third objection is moot given Defendants' concession to remove videography costs. Defendants are entitled to $12,295.85 in costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. section 1920, subject to any discretionary reduction specified in the following section.

    2. <u>Plaintiff's Motion to Reduce Costs, ECF No. 124.</u>

Plaintiff next requests the Court exercise its discretion and reduce the costs Defendants seek. Pl.'s Memorandum of Points and Authorities ("Mot."), ECF No. 124-1.

Appropriate reasons for denying costs include: (1) the

> substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.

Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at 591). Among those factors, the Court must consider Plaintiff's financial status and whether the imposition of costs would create a chilling effect on future civil rights suits. Stanley, 178 F.3d at 1079-80. Plaintiff argues the foregoing factors support a reduction of costs. See Mot.

    a. Substantial Public Importance

Plaintiff asserts the subject matter of this action justifies the reduction of costs. Mot. at 3. Although medical care provided to pretrial detainees is important in a general sense, Plaintiff does not support his argument with legal authority demonstrating the instant case is so extraordinary that a reduction in costs is warranted. The cases relied on by Plaintiff are distinguishable and unavailing. The Court finds that Plaintiff has failed to meet his burden of showing that the instant case carries the weight of one with substantial public importance.

    b. Closeness and Difficulty of the Issues

Plaintiff contends this factor support the reduction or denial of costs because "the issues presented are important and needed to be resolved through the filing and prosecution of the action." See Mot. at 4. Plaintiff's argument misses the mark as this factor concerns the degree to which a party prevails.

See Draper v. Rosaria, 836 F.3d 1072, 1088 (9th Cir. 2016) (holding this factor weighed against an award of costs because the plaintiff survived summary judgment and the jury deliberated over the course of two days). Plaintiff fails to cite any facts or legal authority in support of his argument. He has not met his burden, and a reduction or elimination of costs under this factor is not warranted.

### c. Chilling Effect

While Courts have held that a high award of costs "may chill civil rights litigation in this area", Stanley, 178 F.3d at 1080, Plaintiff's assertion that the amount Defendants seek here would risk chilling future civil rights suits fails. Mot. at 6. Plaintiff's reliance on Connelly v. Phillips, No. 2:16-CV-01604-JAM-EFB, 2019 WL 1651285 (E.D. Cal. Apr. 17, 2019) is misplaced. Unlike the matter in Connelly, this case did not proceed to trial and have a jury render a verdict. The costs sought here are also significantly less than the costs sought in Connelly ($37,212) and other cases that found an award would chill costs. Opp'n at 4-5 (collecting cases). Plaintiff has once again failed to present a sufficiently persuasive argument that this factor supports reducing costs.

### d. Plaintiff's Limited Financial Resources

Plaintiff argues his financial condition justifies a reduction of costs. Mot. at 3. Specifically, Plaintiff declares he is unhoused, does not have a regular source of income, is unable to continue working as a concrete worker, and his only asset is an automobile. See Decl. of John D. Peterson ("Decl.") ¶¶ 2-5, ECF No. 124-2. The Court recognizes that

7

Plaintiff's lack of housing and irregular income make him susceptible to becoming indigent and this factor weighs in favor of a reduction in the costs award.

However, Plaintiff has failed to show his current financial condition warrants a wholesale denial of costs. Although Plaintiff states he can no longer work as a concrete worker, Decl. ¶ 3, he may have or be able to obtain other employment. Moreover, Plaintiff's alleged lack of regular income is vague and not equivalent to the actual absence of income.

e. Economic Disparity

Lastly, comparing Plaintiff's and Defendants' economic disparity, in addition to the relatively modest amount of costs sought, this factor also weighs in favor of reducing costs.

In sum, applying the above five factors, the Court finds the final two factors justify a reduction in, but not a complete denial of, taxable costs to Defendant.

### III.   ORDER

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to reduce the amount of costs to be taxed and awards Defendants $5,000.00 under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. section 1920.

IT IS SO ORDERED.

Dated: October 30, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

8